## McCULLOGH v. PENN MUT. LIFE INS. CO. OF PHILADELPHIA.

### No. 6873.

Circuit Court of Appeals, Ninth Circuit.

Jan. 16, 1933.

A. L. Wissburg, of San Bernardino, Cal., for appellant.

Robert Dechert, of Philadelphia, Pa., and O'Melveny, Tuller & Myers, J. R. Girling, and L. M. Wright, all of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The appellant, a policyholder in the Penn Mutual Life Insurance Company of Philadelphia, brought this action in equity to reinstate three life and health insurance policies issued to him by the company which he had surrendered after nonpayment of premiums thereon, and to recover the monthly payments which would accrue to him under the terms of the policy in the event that he was, as he alleged, totally and permanently disabled.

The appellant predicated his right to the reinstatement of the policies upon the ground that he had surrendered the policies under duress and that unknown to himself and known to the company he was at that time totally and permanently disabled. At the time the appellant surrendered the policies he was in default for nonpayment of premiums and therefore not entitled to recover on the policies unless at the time these premiums were due he was totally and permanently disabled, in which event the policy waived such payment if due proof had been made thereof so that appellant's whole case is predicated upon the allegation that he was totally and permanently disabled before the first annual premiums were due and continued so thereafter until the date of trial.

The trial court, after hearing the witnesses who testified in open court and upon due consideration of several written statements made by the appellant in connection with the attempt to reinstate the policies involved in this action and statements made by him in order to recover benefits for total and permanent disability under policies held in other companies, in all of which plaintiff stated in effect that he was not totally and permanently disabled until April, 1927, found the fact to be that the appellant was not totally and permanently disabled before the first annual premiums were due upon the policies in question; that he was not totally and permanently disabled at the time he surrendered his policies; that there was no duress or fraud practiced on him at that time; and that he was not totally and permanently disabled at the time of the trial. These findings are supported by the admissions of the appellant and by other substantial evidence adduced by witnesses appearing before the court, and under well-settled rules these findings cannot be disturbed.

Decree affirmed.